EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Zulma Muñoz Rodríguez y Orlando Schmidt Mora<br><br>    Demandante-Recurrida<br><br>              v.<br><br> Ten General Contractors, Palmas Reales, S.E.<br><br>      Demandada-Peticionaria | Certiorari<br><br>2006 TSPR 33<br><br>166 DPR \_\_\_\_ |

Número del Caso: CC-2005-292

Fecha: 3 de marzo de 2006

Tribunal de Apelaciones:

Región Judicial de Ponce

Panel integrado por su Presidente, el Juez Gierbolini, la Jueza Cotto Vives y el Juez Aponte Jiménez

Abogado de la Parte Demandada-Peticionaria:

Lcdo. Juan Carlos Garay Massey

Abogado de la Parte Demandante-Recurrida:

Lcdo. José Antonio Rivera Ayala

Materia: Revisión Administrativa procedente del Departamento de Asuntos del Consumidor

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Zulma Muñoz Rodríguez y
Orlando Schmidt Mora

   Demandante-Recurrida

        v.                            CC-2005-292  Certiorari

Ten General Contractors,
Palmas Reales, S.E.

   Demandada-Peticionaria

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 3 de marzo de 2006.

Nos corresponde determinar si el término de dos (2) años que dispone la Ley de la Oficina del Oficial de Construcción[1] (en adelante, "Ley del Oficial de Construcción) para presentar una querella ante el Departamento de Asuntos al Consumidor por vicios de construcción es de caducidad o de prescripción.

I.

Los hechos que dan lugar al presente recurso no están en controversia. El 9 de agosto de 1996 la Sra. Zulma Muñoz Rodríguez y

---

[1] Ley 130 del 13 de junio de 1967, 17 L.P.R.A. sec. 501 y ss.

su esposo, el Sr. Orlando Schmidt Mora (en adelante, señora Muñoz Rodríguez) adquirieron de Palmas Reales, S.E. (en adelante, Palmas Reales) una residencia localizada en el proyecto Valle Húcares del Municipio de Juana Díaz. La construcción del referido proyecto de urbanización estuvo a cargo de Ten General Contractors.

El 10 de septiembre de 1996, la señora Muñoz Rodríguez le envió a Ten General Contractors y a Palmas Reales una comunicación en la que les informó de un problema de inundaciones en su patio a causa de un fenómeno atmosférico que provocó copiosas lluvias. Ante este reclamo, Ten General Contractors realizó un movimiento del terreno de dicho patio con el fin de corregir el problema. No obstante, el 8 de octubre de 1996 la señora Muñoz Rodríguez envió una segunda notificación a las compañías informándoles que el trabajo no dio resultados y que el problema persistía.

Cinco años después, la señora Muñoz Rodríguez le envió a Palmas Reales una tercera comunicación en la cual reiteró que el problema no había sido resuelto y solicitó su corrección. Además, en el 2002, el matrimonio le requirió a Palmas Reales, mediante comunicaciones telefónicas, que corrigieran el problema.

Así las cosas, el 16 de abril de 2003 la señora Muñoz Rodríguez presentó una querella ante el Departamento de Asuntos al Consumidor (en adelante, DACO) contra Palmas Reales y Ten General Contractors. Alegó

que la propiedad antes mencionada tenía unos defectos en la parte posterior que provocaban que el patio se inundara.

Oportunamente, Palmas Reales presentó una Moción de Desestimación en la que alegó que la acción había caducado, toda vez que se presentó luego del término de 2 años que dispone la Ley de la Oficina del Oficial de Construcción. DACO declaró No Ha Lugar dicha solicitud.

Luego de dos inspecciones de la propiedad y de una vista evidenciaria, DACO dictó una resolución en la que declaró con lugar la querella y ordenó a Palmas Reales a corregir la situación del patio de la residencia de los querellantes. Con relación a Ten General Contractos, éstos establecieron en la vista que no tuvieron participación en la construcción de patio, por lo que se les exoneró de responsabilidad.

Inconforme, Palmas Reales acudió al Tribunal de Apelaciones. Alegó que, según el Artículo 11 de la Ley del Oficial de Construcción, 17 L.P.R.A. sec. 511, la reclamación de los querellantes había caducado porque al momento de la presentación de la querella habían transcurrido más de dos (2) años desde la compraventa de la residencia. El Tribunal Apelativo confirmó la resolución de DACO. Resolvió que el plazo de caducidad dispuesto en la Ley del Oficial de Construcción era realmente un plazo de prescripción. Resolvió además que dicho plazo no había transcurrido, toda vez que al

momento de la presentación de la querella no habían pasado dos años desde la última inteligencia entre las partes.

Aún inconforme, Palmas Reales acude ante nos. Plantea, en esencia, que erró el Tribunal de Apelaciones al sostener que el término establecido en la Ley del Oficial de Construcción constituye un término prescriptivo y no uno de caducidad que no admite interrupción.

Expedimos el auto solicitado. Luego de examinar las comparecencias de las partes, procedemos a resolver este asunto sin ulterior trámite.

II.

A.

De entrada, para resolver la controversia objeto del presente recurso es menester aclarar la diferencia entre un término de caducidad y uno de prescripción. Los términos de caducidad y prescripción tienen la misma finalidad y efecto: impedir que permanezcan indefinidamente inciertos los derechos y dar firmeza a las relaciones jurídicas. *Martinez Soria v. Ex Parte Procuradora Especial de Relaciones de Familia*, 151 D.P.R. 41, 57 (2000). La diferencia fundamental entre ambas figuras es que la prescripción, a diferencia de la caducidad, admite su interrupción o suspensión. Ello tiene la consecuencia de que un término prescriptivo, en la medida en que se interrumpa oportunamente, puede ser

indefinido, ya que su interrupción puede ocurrir en un número ilimitado de ocasiones.

Por otro lado, un término de caducidad no puede ser interrumpido o suspendido, por lo que el mismo siempre extingue el derecho a la causa de acción con el mero transcurso del tiempo. *Id.* Su propósito es fijar de antemano el término dentro del cual podrá ejercitarse un derecho. *Id.* Una vez comienza a transcurrir un término de caducidad, no hay forma de revivirlo en su totalidad, como ocurre con un término prescriptivo cada vez que se interrumpe por una de las formas establecidas en ley.

La justificación o razón de ser de la caducidad radica en la naturaleza del derecho, el cual tiene una duración determinada. José Puig Brutau. *Caducidad, Prescripción Extintiva y Usucapión*, 3ra ed., Barcelona, Ed. Bosch, 1996, p. 39. Según explica Puig Brutau:

> los conceptos de caducidad y prescripción se distinguen profundamente, pues el primero responde a una situación temporalmente delimitada de antemano, de manera que se sabe cuando se iniciará y al propio tiempo cuando terminará, mientras que la prescripción afecta a derechos que, en principio, no tienen una limitación temporal, pero con la posibilidad de que el transcurso de un periodo suficiente para su normal ejercicio permita al obligado considerarse liberado de tener que realizar necesariamente su prestación. *Id,* a la página 38.

B.

Por otra parte, el artículo 1483 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4124, establece la

responsabilidad del contratista por vicios de construcción. Dispone, en lo aquí pertinente, que el contratista de un edificio que se arruinase por vicios de construcción, responde por los daños y perjuicios si la ruina tuviere lugar dentro de los diez años, contados desde que concluyó la construcción. No obstante, para que aplique dicho plazo de garantía de diez (10) años es necesario que el vicio de construcción sea de tal magnitud que pueda considerarse un defecto arruinante.

La jurisprudencia de este Tribunal ha establecido que para que un defecto se considere arruinante no es necesario que se comprometa la solidez o estabilidad de la estructura. *Rivera v. A.C. Development Co.* 144 D.P.R. 450 (1997). No obstante, es necesario que el defecto sea de tal magnitud que afecte severamente el uso y disfrute del edificio. *Maldonado v. Las Vegas Development*, 111 D.P.R. 573, 574-575 (1981).

Con relación al plazo de diez años que dispone el artículo 1483, hemos resuelto que el mismo es un término tanto de caducidad como de garantía. *Zayas v. Levitt & Sons of P.R., Inc.,* 132 D.P.R. 101 (1992). *Rivera v. Las Vegas Dev.,* 107 D.P.R. 384 (1978); *Bartolomei v. Tribunal Superior*, 98 D.P.R. 495 (1970). En vista de ello, cualquier reclamación en daños al amparo del artículo 1483 tiene que ejercitarse dentro de los 10 años luego de terminada la construcción, excepto cuando la causa fuere

la falta del contratista a las condiciones del contrato. *Rivera v. Las Vegas Dev. Co., supra.*

Además del artículo 1483, en nuestra jurisdicción existen unas leyes especiales que rigen el negocio de la construcción. En particular, la Ley del Oficial de Construcción reglamenta y fiscaliza el negocio de viviendas privadas en Puerto Rico. Dicho estatuto, entre otras cosas, confiere jurisdicción a DACO para entender en querellas presentadas por cualquier comprador u optante de una propiedad cuando un constructor o urbanizador haya incurrido en cualquiera de las prácticas prohibidas por el estatuto. 17 L.P.R.A. sec. 511; *Rivera v. A & C Development Corp, supra,* a la página 464; *Quiñones v. San Rafael Estates,* 143 D.P.R. 756, 772-773 (1997). De esta forma, se provee una mayor protección a los compradores de viviendas y se facilita el proceso de adjudicación de sus querellas. *Rivera v. A. C. Development Corp., supra.*

Por otro lado, el artículo 11 de la Ley del Oficial de Construcción, establece que "las acciones para exigir responsabilidades por vicios o defectos de construcción[2],

---

[2] El Reglamento 2268 sobre el Negocio de la Construcción de Viviendas Privadas en Puerto Rico de 16 de septiembre de 1977 define el término "defecto de construcción" de la siguiente forma:

> significará cualquier anormalidad, defecto, falla, deterioro prematuro, mal funcionamiento, inexactitud en las medidas o cualesquiera otra condición más allá de las tolerancias normales permisibles que pueda sufrir la estructura de vivienda o el

excepto aquellas que cualifiquen bajo la sección 4124 del Título 31 **caducan** por el transcurso de dos años a partir del otorgamiento de las escrituras de compraventa". 17 L.P.R.A. sec. 511 (énfasis suplido).

Como se desprende del texto claro de la referida disposición, el término ahí estatuido es uno de caducidad. Sabido es que "cuando la ley es clara, libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir con su espíritu". Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14.

Además, del historial legislativo de la Ley del Oficial de Construcción se desprende que ésta ha sido objeto de varias enmiendas. Originalmente el artículo 11 de dicha ley establecía un término de dos (2) años para presentar una querella por vicios de construcción. No obstante, en 1976 se enmendó el artículo 11 en términos generales e inadvertidamente se eliminó el referido término. Ello tuvo la consecuencia de que, no habiendo un término expreso en la ley especial, era aplicable el término prescriptivo de 15 años que dispone el Código Civil para acciones personales sin un término prescriptivo establecido en ley. 31 L.P.R.A. sec. 5294. El artículo 11 fue enmendado nuevamente por la Ley 137

---

área en que ésta esté enclavada o cualquier otro vicio o condición que exceda la medida de las imperfecciones que cabe esperar en una construcción sin que se pueda imputar a una fuerza mayor y/o fenómeno natural….

del 20 de julio de 1979 para restablecer el término de dos años.

Al examinar el historial legislativo de la Ley 137, vemos que la intención de la Asamblea Legislativa fue establecer un término razonable para la radicación de querellas por vicios o defectos de construcción no arruinantes. Según estableció el informe conjunto de las Comisiones de Desarrollo Urbano y Vivienda y Asuntos del Consumidor presentado al Senado de Puerto Rico durante el proceso de aprobación de la referida enmienda, un término de quince (15) años para reclamar por un defecto de construcción no arruinante fue considerado como excesivamente largo, por lo que se recomendó reestablecer el término de dos (2) años para la presentación de una querella por vicios o defectos no arruinantes. En dicho informe se dispuso que:

> "[e]ntendemos que un término de quince (15) años para reclamar por un vicio o defecto de construcción que no es arruinante, es excesivamente largo. (…) Entendemos que un término de dos (2) años a partir de la fecha del otorgamiento de la escritura de compraventa, término durante el cual estará en vigor la fianza que prestará el urbanizador o constructor es suficiente para la radicación de una querella por efectos no arruinantes". Informe Conjunto de las Comisiones de Desarrollo Urbano y vivienda y Asuntos al Consumidor, P. del S. 894, 15 de marzo de 1979, pág. 3-4.

El lenguaje del mencionado informe confirma que la intención de la Asamblea Legislativa era que el término preceptuado en el Art. 11 fuera uno de caducidad. El

propósito era precisamente establecer un término determinado para el ejercicio de la acción por vicios de construcción. Además, al decretar que un término de dos años es "suficiente", vemos que la intención del legislador era que dicho término no se interrumpiera o extendiera, sino más bien que fuera definido.

En vista de lo anterior, somos del criterio que el plazo de dos años que dispone la ley del Oficial de Construcción es un término de caducidad, a contarse desde el otorgamiento de la escritura de compraventa hasta la presentación de la querella ante DACO. Como explicamos, por ser un término de caducidad, una reclamación por defectos de construcción presentada al amparo de esta ley no admite interrupción extrajudicial.

A la luz de la normativa antes expuesta, pasemos a examinar los hechos del presente caso.

### III.

En este caso, la señora Muñoz Rodríguez adquirió la residencia objeto del presente litigio en agosto de 1996. A pesar de que en varias ocasiones ésta le comunicó a Palmas Reales sobre la existencia de unos defectos de construcción, la querella ante DACO se presentó el 16 de abril de 2003.

Como vemos, al momento de presentar la querella, habían transcurrido más de seis años desde el otorgamiento de la escritura de compraventa. En vista de ello, la reclamación de la señora Muñoz Rodríguez caducó.

No obstante, la señora Muñoz Rodríguez alega que los defectos que adolece su propiedad constituyen ruina, por lo que aplica el plazo decenal de garantía dispuesto en el artículo 1483 del Código Civil. No le asiste la razón.

Si bien es cierto que el término de 2 años para presentar una querella por vicios de construcción no aplica a defectos que puedan catalogarse como ruina, al examinar las determinaciones de hecho del DACO, en ninguna parte surge que los defectos de construcción habidos en la propiedad de la señora Muñoz Rodríguez sean de tal magnitud que afecten severamente el uso y disfrute de la misma y por lo tanto constituyan una ruina.

IV.

Por los fundamentos antes expuestos se revocan las determinaciones tanto del Tribunal de Apelaciones como del Departamento de Asuntos al Consumidor y se desestima la querella presentada por la Sra. Zulma Muñoz Rodríguez y su esposo, el Sr. Orlando Schmidt Mora.

Se dictará la Sentencia correspondiente.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Zulma Muñoz Rodríguez y
Orlando Schmidt Mora

    Demandante-Recurrida

        v.                          CC-2005-292  Certiorari

Ten General Contractors,
Palmas Reales, S.E.

    Demandada-Peticionaria

SENTENCIA

San Juan, Puerto Rico, a 3 de marzo de 2006.

      Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revocan las determinaciones tanto del Tribunal de Apelaciones como del Departamento de Asuntos al Consumidor y se desestima la querella presentada por la Sra. Zulma Muñoz Rodríguez y su esposo, el Sr. Orlando Schmidt Mora.

      Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.

                        Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo