

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor Luis Bonilla Ramos<br><br>    Recurrido<br><br>        v.<br><br>Jean Annette Dávila Medina<br><br>    Demandada Apelada<br><br>Procuradora de Asuntos de la Familia en Representación del Menor H.J.B.D.<br><br>    Peticionario | Certiorari<br><br>2012 TSPR 93<br><br>185 DPR ____ |

Número del Caso: CC-2011-611

Fecha: 29 de mayo de 2012

Tribunal de Apelaciones:

        Región Judicial de Fajardo

Oficina del Procurador General:

        Lcda. Irene Soroeta Kodesh
        Procuradora General

        Lcda. Michelle Camacho Nieves
        Procuradora General Auxiliar

Abogado de la Parte Recurrida:

        Lcdo. Domingo Bonilla Ozoria

Materia: Derecho de Familia – Requisito de emplazar al menor en acción de Impugnación de paternidad.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor Luis Bonilla Ramos<br>        Recurrido<br><br>        v.<br><br>Jean Annette Dávila Medina<br>   Demandada-Apelada<br><br><br>Procuradora de Asuntos de Familia en representación del menor H.J.B.D.<br><br>        Peticionario | CC-2011-0611 |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez.

San Juan, Puerto Rico a 29 de mayo de 2012

Nos toca resolver si en una acción de impugnación de paternidad el menor cuya paternidad se impugna es parte indispensable. En este caso, no se demandó al menor dentro del término de caducidad de seis meses dispuesto en la Ley 215 de 29 de diciembre de 2009, Ley para enmendar los artículos 113-117 del Código Civil, 31 L.P.R.A. secs. 461-465 (Ley 215). Veamos.

I

El 15 de marzo de 2010 el señor Héctor Bonilla Ramos presentó una demanda para impugnar la paternidad del menor H.J.B.D. contra la señora Jean Annette Dávila Medina. Adujo que tenía base y razón para creer que el menor no era su hijo biológico y solicitó que se le ordenara a la parte someterse

a una prueba de paternidad. El 6 de mayo de 2010 se diligenció el emplazamiento en la persona de la señora Dávila Medina. Transcurrido el término de veinte días que tenía la demandada para contestar, la parte demandante pidió que se anotara la rebeldía a la demandada. El Tribunal de Primera Instancia atendió el escrito y ordenó una vista para el 30 de septiembre de 2010. Durante la vista, según se desprende de la minuta, se designó a la Procuradora de Familia como defensora judicial del menor quien al momento no había sido traído al pleito. Además, se le concedió un término adicional a la demandada para que contestase la demanda e informó que dispondría sobre la prueba de paternidad una vez recibidas las alegaciones responsivas.

El 27 de octubre de 2010 compareció la Oficina de la Procuraduría de Asuntos de Familia y solicitó que se desestimara la demanda por varias razones. En primer lugar, expresó que se había dejado de acumular una parte indispensable. En segundo lugar, dijo que el demandante expuso una reclamación que no justificaba un remedio. Por último, argumentó que no se ejercitó la acción ni se perfeccionó la demanda en contra del menor dado a que no se le incluyó como parte en el pleito dentro del término que provee la Ley 215, *supra*, para ejercitar la acción. Ante ello, el demandante presentó una oposición urgente a la moción de desestimación. Indicó que no procedía la

desestimación del pleito sino que debía ordenarse la inclusión del menor H.J.B.D. en el mismo.[1]

El 14 de marzo de 2011 el tribunal de instancia emitió una sentencia donde declaró ha lugar la moción de desestimación presentada por la defensora judicial y desestimó con perjuicio la demanda. Razonó que al ser el término dispuesto en la Ley 215, *supra*, uno de caducidad y al éste haber caducado no procedía incorporar al menor al pleito. Además, agregó que al menor haber sido reconocido voluntariamente lo que procedía impugnar al interponer la acción de impugnación era el acto de consentimiento y no el hecho de si el menor era o no hijo biológico de quien lo había reconocido como tal. En ese sentido, concluyó que el demandante dejó de exponer una reclamación que justificaba un remedio, toda vez que no alegó error, violencia o intimidación en el consentimiento.

Inconforme, el demandante presentó un recurso de apelación ante el Tribunal de Apelaciones. Sostuvo, básicamente, que erró el Tribunal de Primera Instancia al desestimar la demanda de impugnación de reconocimiento voluntario por falta de jurisdicción. El foro intermedio revocó la sentencia emitida por el foro primario y devolvió el caso para que continuasen los procedimientos. Infirió que los intereses del menor siempre estuvieron protegidos por su madre y la defensora judicial y que, por tanto, había incidido el Tribunal de Primera Instancia al no conceder la inclusión del menor en el pleito.

---

[1] Dicha solicitud se hizo una vez transcurrido el plazo de seis meses dispuesto en la Ley 215, *supra*.

En desacuerdo con la decisión del Tribunal de Apelaciones, compareció ante este Tribunal la Procuradora General. Expuso que el tribunal intermedio había errado al revocar la sentencia desestimatoria del foro primario y devolver el caso para que se incluyera al menor no emplazado, aun cuando el término de caducidad dispuesto por la Ley 215, *supra*, había caducado. El 10 de noviembre de 2011 concedimos un término a la parte recurrida para que se expresase sobre la petición de *certiorari*. Posteriormente, el 28 de noviembre de 2011, a pedido de la Procuradora General y en auxilio de nuestra jurisdicción, paralizamos los procedimientos en el tribunal de instancia. Con el beneficio de la comparecencia de ambas partes, pasamos a resolver.

II

A

La filiación es la relación jurídica que procede del vínculo natural entre padres e hijos. José Puig Brutau, *Fundamentos del Derecho Civil*, t. IV, Bosch, Barcelona, 1985, pág. 187. Sin embargo, puede decirse que ésta no siempre se desprende de un hecho biológico. En algunas ocasiones el padre no necesariamente coincide con el progenitor porque, como se ha expresado en otras oportunidades, "[p]adre y progenitor no son sinónimos. Padre contiene una carga de sentido socio cultural y jurídico de la que carece el término progenitor". Raúl Serrano Geyls, *Derecho de Familia de Puerto Rico y Legislación Comparada*, Volumen 2, San Juan, 2002, pág. 886 (Citas omitidas).

En nuestro ordenamiento la paternidad y la filiación están reguladas por la Parte IV del Código Civil. Los artículos 113 a 117 contemplan todo lo relacionado a la presunción de paternidad y maternidad, con los sujetos legitimados para instar una acción de impugnación de filiación y sobre los términos para ejercitar la misma. 31 L.P.R.A. sec. 461-465 (Supl. 2011).

En el 2009, la Asamblea Legislativa enmendó estos artículos para atemperarlos a los tiempos en que vivimos, según expresó en la Exposición de Motivos. El legislador consideró que, dado los adelantos científicos, resulta plausible que, establecida una presunción de maternidad o paternidad, ésta no corresponda a la realidad biológica. *Véase* Exposición de Motivos de la Ley Núm. 215, *supra*.

De esta manera, la nueva legislación introdujo cambios significativos a las disposiciones hasta ese momento vigentes. En primer lugar, a diferencia del artículo 113 anterior, se establecieron dos posibles presunciones de paternidad, a saber: la paternidad matrimonial y la paternidad por reconocimiento voluntario. 31 L.P.R.A. sec. 461 (Supl. 2009). Previo a las enmiendas incluidas por la Ley 215 únicamente la persona nacida dentro de un matrimonio gozaba de una presunción de paternidad, esto porque, aparentemente, se entendía que sólo el progenitor biológico podía ser padre presunto.

Sin embargo, la Ley 215 modificó esta concepción. De esta manera, estableció que además del marido de la madre, es padre presunto aquél que sin estar casado reconoce

voluntariamente al menor. Vía esta enmienda, el legislador incorporó al ordenamiento la presunción de paternidad por reconocimiento voluntario.

Además, se enmendaron los términos establecidos para impugnar la paternidad o la maternidad y la manera en que se computan. El antiguo artículo 117 establecía un término de caducidad de tres meses para impugnar la paternidad legal, es decir la de aquellas personas nacidas vigente un matrimonio. Si el padre legal se encontraba en Puerto Rico, el término debía computarse a partir de la inscripción del menor. Si, por el contrario, el padre legal estaba fuera de nuestra jurisdicción, se concedía un término de seis meses a partir de que éste adviniese en conocimiento del nacimiento del hijo.

Por otro lado, los hijos nacidos fuera del matrimonio no gozaban de la presunción de paternidad pero podían ser reconocidos por el padre en el acta de nacimiento o cualquier otro documento público, según establecido en el artículo 125 del Código Civil. 31 L.P.R.A. sec. 540. Sin embargo, el Código Civil nada disponía sobre los términos para impugnar ese tipo de reconocimiento. En *Alcaide v. Morales*, 28 D.P.R. 278 (1920) resolvimos que al ésta ser una acción personal sin término señalado, el término que le aplicaría sería de quince años. *Íd.*, pág. 292. Sin embargo, tiempo después, por considerar el término prescriptivo establecido en *Alcaide v. Morales*, *supra*, irrazonable y erróneo, en *Almodóvar v. Méndez Román*, 125 D.P.R. 218 (1990) resolvimos que a la acción de impugnación de reconocimiento involuntario le aplican los

términos de caducidad dispuestos en el artículo 117 para la acción de impugnación de paternidad, postura esta que reiteramos en *Rivera v. Jaume*, 157 D.P.R. 562 (2002). De esta manera, una vez transcurridos tres meses desde la inscripción del hijo reconocido voluntariamente, según disponía el anterior artículo 117, la acción de impugnación caducaba tanto para quien reconocía voluntariamente como para el padre legal.

Sin embargo, la Ley 215 enmendó los términos para impugnar la paternidad o maternidad. En consecuencia, dispuso para el padre legal un término de caducidad de seis meses para impugnarla. 31 L.P.R.A. sec. 465. Además, estableció que los seis meses deberán contarse a partir de la fecha en que se advenga en conocimiento de la inexactitud en la filiación o a partir de la aprobación de la ley, lo que fuera mayor. La Ley 215 se aprobó el 29 de diciembre de 2009 y entró en vigor treinta días después de esa fecha.

Es de notar que las enmiendas al Código Civil en cuanto a presunción de paternidad y a los términos para impugnarla son considerables. Sin embargo, los términos para la impugnación, aunque se han extendido introducidiendo en este ámbito la teoría cognitiva, se han mantenido como términos de caducidad. No podemos olvidar que el interés en que la realidad biológica coincida con la registral debe balancearse con la búsqueda de la estabilidad de los derechos y obligaciones nacidos de la filiación.

Fue precisamente en el contexto de esa búsqueda de balance que en *Almodóvar v. Méndez Román, supra*, manifestamos:

> [a]l establecer los plazos de caducidad del Art. 117 del Código Civil, *ante*, el legislador hizo un balance entre el derecho de un individuo a deshacer una realidad jurídica inexacta y el derecho de una persona a la seguridad de su estado civil, así como el interés del Estado en la estabilidad de las relaciones filiatorias.

Asimismo, entendimos conveniente enfatizar que el hecho de que se permita la impugnación del reconocimiento voluntario no significa que se autorice el arrepentimiento. Por eso es preciso aclarar que el estado civil es un estado permanente que no puede estar sujeto al cambio de voluntad de quien reconoce a una persona como su hijo. Relacionado a lo anterior, en *González Rosado v. Echevarría Muñiz, supra*, expresamos que la estabilidad que se procura busca evitar que "la cuestión filiatoria permanezca abierta indefinidamente, en perjuicio de quien aparece como hija y podría ser víctima de los conflictos conyugales entre los supuestos padres". *Íd.*, pág. 562.

El legislador ha sido claro que luego de transcurrido el término de caducidad establecido en el artículo 117 la acción habrá muerto y el presunto padre legal no podrá ejercer acción alguna para impugnar su paternidad, independientemente que ésta se origine en la presunción matrimonial o en la presunción por reconocimiento voluntario. Claro, esto no quiere decir que el hijo o hija se vea impedido de buscar su filiación biológica posteriormente. *Véase Sánchez v. Sánchez*, 154 D.P.R. 645 (2001).

B

Un término es un plazo de tiempo que concede una ley para ejercer un derecho o realizar un acto procesal. *B.B.V. v. E.L.A.*, 180 D.P.R. 681 (2011), pág. 688. En nuestro ordenamiento un término puede ser de prescripción o caducidad. La diferencia entre éstos es que el término de prescripción admite su interrupción mientras que el de caducidad no lo permite. *Zulma Muñoz Rodríguez v. Ten General Contractors*, 167 D.P.R. 297 (2006), pág. 302. De esta manera, un término de caducidad "siempre extingue el derecho a la causa de acción con el mero transcurso del tiempo. Su propósito es fijar de antemano el término dentro del cual podrá ejercitarse un derecho. Una vez comienza a transcurrir un término de caducidad, no hay forma de revivirlo en su totalidad, como ocurre con un término prescriptivo cada vez que se interrumpe por una de las formas establecidas en ley". *Íd.,* pág. 302.

Cónsono a lo anterior, y considerando el importante interés que tiene el Estado en promover la estabilidad de las relaciones filiatorias, en *Vázquez Vélez v. Caro Moreno*, 182 D.P.R. 803 (2011), reiteramos que "si la acción de impugnación de filiación que no es promovida dentro del periodo fijado en el ordenamiento jurídico, se considera que el plazo ha caducado, lo que a su vez tiene el efecto de consolidar el *status familiae* del hijo para todos los efectos legales". *Íd.,* pág. 813 (citas omitidas). Enfatizamos allí que al éste ser un término de caducidad no es susceptible de interrupción. Así las cosas, una vez transcurridos los seis

meses a partir de que el padre presunto advino en conocimiento de la inexactitud filiatoria, el estado filiatorio impugnado adviene final y ya no puede ejercitarse la acción de impugnación aunque la realidad biológica no coincida con la registral. Importante es decir que *Vázquez Vélez v. Caro Moreno*, *supra*, fue la primera vez en que interpretamos la Ley 215, *supra*. Sin embargo, en aquella oportunidad lo que estaba ante nuestra consideración era si los términos dispuestos en la ley se extendían a aquellos casos pendientes ante los tribunales; resolvimos en la afirmativa.

### III

Se considera que una parte es indispensable cuando la controversia no puede adjudicarse sin su presencia ya que sus derechos se verían afectados. *Cepeda Torres v. García Ortiz*, 132 D.P.R. 698 (1993). Reiteradamente hemos dicho que la omisión de incluir una parte indispensable incide sobre el debido proceso de ley que cobija al ausente. *Romero v. S.L.G. Reyes*, 164 D.P.R. 721 (2005). Consecuentemente, la Regla 16.1 de las de Procedimiento Civil dispone que "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularan como demandantes o demandas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada". 32 L.P.R.A. Ap. V, R 16.1 (2010).

En *Romero v. S.L.G. Reyes*, *supra*, expresamos que a la hora de determinar si la presencia de una parte es

indispensable o no para adjudicar una controversia debemos considerar, "si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente". *Íd.*, pág. 733. En este sentido, lo que se busca proteger son los intereses de aquél que no ha sido traído al litigio y que, de dejarse fuera, no tendría oportunidad alguna de defenderlos. Ante la ausencia de una parte indispensable el tribunal carece de jurisdicción para resolver la controversia. Es por ello que, al incidir tal ausencia en la jurisdicción del tribunal, debe desestimarse la acción. *Pérez Rosa v. Morales Rosado*, 172 D.P.R. 216 (2007). Bajo ese mismo fundamento también hemos dicho que la falta de parte indispensable es un argumento que puede traerse en cualquier parte del litigio, incluso en etapa apelativa. *Romero v. S.L.G. Reyes*, *supra.*

Un menor, aunque carece de capacidad de obrar, podrá ser parte de un pleito. La falta de capacidad de obrar deberá ser subsanada mediante la representación de su padre o madre con patria potestad, su tutor o un defensor judicial. Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico*, LexisNexis de Puerto Rico, San Juan, 5ta Ed., 2010, pág. 149; *Alvareztorre Muñiz v. Sorani Jiménez*, 175 D.P.R. 398 (2009). Cónsono con la capacidad de un menor de comparecer a un litigio representado por quienes ostentan su patria potestad o tutela, las Reglas de Procedimiento Civil disponen que un menor de edad de catorce años o más será emplazado entregándole copia del emplazamiento y la demanda a ese menor

personalmente y a su padre o madre con patria potestad o a su tutor.  32 L.P.R.A. Ap. V, R. 4.4.

Como se puede apreciar, la incapacidad de obrar del menor no es óbice para que se le notifique, cuando el menor es mayor de catorce años, que se ha instado una acción en su contra y que ésta puede afectar sus intereses.  En definitiva, el emplazamiento busca garantizar el derecho constitucional a ser oído y poder así defender sus intereses. *Marrero Albino v. Vázquez Egean*, 135 D.P.R.174 (1994).

De igual manera, hemos señalado que cuando los intereses de un menor de edad y los de la persona con capacidad para representarlo están encontrados procede nombrar un defensor judicial.  *Alváreztorre Muñiz v. Sorani Jiménez, supra.* Anteriormente sostuvimos que un menor es parte indispensable en una acción de impugnación de paternidad y que la madre es, a lo sumo, una parte demandada apropiada. *Chabrán v. Méndez*, 74 D.P.R. 768 (1953), págs. 778-780. Luego, en *Robles López v. Guevárez Santos*, 109 D.P.R. 563 (1980), reconocimos implícitamente que en un pleito de impugnación de paternidad el menor cuya filiación presunta se impugna es parte interesada en el pleito.  Esto, toda vez, que la acción de impugnación de filiación tendrá efectos sustanciales sobre el menor como, por ejemplo, dejar de pertenecer a una familia y pasar a pertenecer a otra.  Si bien aquel caso trataba de una acción de alimentos instada contra el padre biológico, ésta tenía el efecto de impugnar la presunción de paternidad matrimonial que, en ese momento, cobijaba a la menor.  En esa

oportunidad determinamos que debía nombrarse un defensor judicial para que defendiese los intereses de la niña. *Íd*.

IV

La controversia que nos ocupa es una relativamente sencilla. Requiere que determinemos, sin lugar a dudas, si el menor cuya filiación se impugna es parte indispensable en esa acción o si, en cambio, basta con demandar a quien ostente su patria potestad. Como se desprende de la discusión anterior, se puede apreciar que la filiación es una figura jurídica que no necesariamente está ligada al hecho biológico de la reproducción. En este sentido, puede ser que entre dos personas dimanen los derechos y obligaciones procedentes de la filiación sin que, indefectiblemente, la realidad registral coincida con la biológica. Sin embargo, el conocimiento sobre la inexactitud filiatoria puede advenir luego de establecida la presunción legal de paternidad. Es decir, aquél que registró como hijo suyo a un menor puede conocer en un momento futuro que quien creía su hijo biológico en realidad no lo era.

En atención a lo anterior, y dado los numerosos avances tecnológicos contemporáneos, el legislador entendió necesario proveerle a quien conoce con posterioridad hechos que rebatan la presunción legal de paternidad o maternidad un plazo de tiempo determinado para impugnar la misma. Sin embargo, también entendió que, al incidir la filiación en el estado civil de las personas, este plazo no puede ser tal que quede al libre arbitrio de quien impugna la posibilidad de hacerlo o no. En este sentido, la Asamblea Legislativa dispuso que

el término para impugnar la presunción de paternidad es un término de caducidad, de manera tal que una vez transcurrido la filiación adviene final y no es susceptible de ser impugnada, aun cuando haya prueba fehaciente de que quien impugna no es padre biológico del impugnado.

Asimismo, hemos visto que la parte interesada en una acción de filiación es la persona que la reclama. Igualmente, cuando lo que se busca es impugnar la presunción de paternidad la parte interesada es, también, la persona cuyo estado filiatorio quedaría afectado por el dictamen judicial. En este sentido, es razonable inferir que, aun cuando se demande al padre, a la madre o la persona que ostente la patria potestad del menor cuya filiación se impugna, es el menor la parte realmente perjudicada y debe ser incluido en el pleito. Lo anterior es así porque no es la madre o el padre quien vería afectados los derechos y obligaciones surgidos de la filiación de decretarse ésta rota y disuelta. Contrariamente, es la persona que sufre la impugnación quien sería afectada por el cambio de estado civil.

Ha sido precisamente por lo anterior que hemos expresado en varias ocasiones que en una acción de filiación puede ser que los intereses de los padres estén encontrados con los de los hijos. En aras de resolver este potencial conflicto entendimos pertinente que se nombre un defensor judicial para proteger los intereses del menor cuya filiación se impugna. Es por eso que no hay duda de que la persona que puede verse

perjudicada por el cambio de estatus filiatorio es parte indispensable aun cuando sea menor de edad.

En relación a ello hemos apreciado que aunque un menor de edad carece de capacidad procesal esto no es impedimento para que sea parte en un pleito. Cuando esto ocurre, el menor deberá comparecer representado por su madre o padre con patria potestad o su tutor legal. Lo anterior no quiere decir que sólo se deba incluir en el pleito a la madre, al padre o a la persona con patria potestad dado que alguna de éstas representa los intereses de su hijo menor. Hay casos en que los intereses del menor pueden estar encontrados con los de quien le suple capacidad y sea necesario nombrar un defensor judicial. Para determinar si lo anterior es necesario -o no- debe notificársele al menor que ha sido demandado y que alguien debe representarlo en el pleito.

No en vano las Reglas de Procedimiento Civil disponen que cuando se demanda a un menor de catorce años o más éste debe emplazarse y además entregársele copia de la demanda. Ello busca, principalmente, cumplir con el imperativo constitucional que dispone que nadie sea privado de su propiedad o libertad sin el debido proceso de ley.

En el caso ante nuestra consideración el presunto padre legal, quien advino a tal estado mediante el reconocimiento voluntario del menor H.J.B.D., impugnó la presunción de paternidad aduciendo que tenía base y razón para creer que el menor no era su hijo biológico. Así las cosas, el 15 de marzo de 2010, casi dos meses y medio después de la aprobación de la Ley 215, *supra*, demandó a la señora Jean

Annette Dávila Medina, madre del menor, en impugnación de paternidad pero no incluyó en la demanda al menor cuya impugnación de paternidad solicitaba y quien, al momento de instarse la acción, constaba con dieciséis años de edad. Luego de varios incidentes procesales, incluso de la solicitud de anotación de rebeldía en contra de la señora Dávila Medina, el Tribunal de Primera Instancia ordenó una vista para el 30 de septiembre de 2010 donde designó a la Procuradora de Familia como defensora judicial del menor. Nótese que, a ese momento, ya habían transcurrido los seis meses concedidos excepcionalmente por la Ley 215, *supra*, para impugnar la paternidad a aquellos que habían advenido al conocimiento de la inexactitud filiatoria pero que bajo la anterior legislación estaban impedidos de impugnarla.

La Procuradora de Asuntos de la Familia, única representante de los intereses del menor, al advertir que éste no había sido incluido en el pleito solicitó su desestimación. Entendió, correctamente, que debió incluirse al menor dentro de la acción de impugnación y que al no haberse hecho tal cosa la acción no se había ejercitado dentro del término de caducidad de seis meses dispuestos legalmente para ello. Le asiste la razón. En consecuencia se revoca al Tribunal de Apelaciones y se desestima la acción contra a señora Jean Annette Dávila Medina y el menor H.J.B.D.

Recapitulando, el menor cuya impugnación de filiación se solicita es parte indispensable en dicha acción. En atención a ello deberá ser incluido en el pleito y, de ser mayor de

catorce años, emplazado dentro del término de caducidad dispuesto en ley para instar la acción. Esto es así dado las importantes consecuencias que tiene la filiación sobre el estado civil de las personas y que, por tanto, un cambio en la misma no puede estar sujeto a la voluntad de quien impugna. Si bien es cierto que las personas tienen el derecho a conocer su realidad biológica, la figura de la filiación procura otros fines más allá de reconocer el hecho biológico de la procreación. En ese sentido, el Estado tiene un interés incuestionable en procurar la estabilidad del estado civil de las personas.

De esta manera, y siendo el estado civil del menor cuya paternidad se impugna el que se vería afectado, no albergamos dudas de que éste es parte indispensable en una acción de impugnación. Al incluírsele en el pleito el menor podrá, a través de quien ostenta la capacidad de representarle o mediante un defensor judicial nombrado por el tribunal, proteger sus intereses.

V

Por todo lo cual, se revoca al Tribunal de Apelaciones, se resuelve que los menores cuya impugnación de paternidad se solicita son parte indispensable en la acción de impugnación de paternidad y se desestima la acción contra la señora Jean Annette Dávila Medina y el menor H.J.B.D.

Se dictará sentencia de conformidad.

Anabelle Rodríguez Rodríguez<br>Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor Luis Bonilla Ramos<br><br>Recurrido<br><br>v.<br><br>Jean Annette Dávila Medina<br><br>Demandada-Apelada<br><br><br>Procuradora de Asuntos de Familia, en representación del menor H.J.B.D.<br><br>Peticionario | CC-2011-0611 |

SENTENCIA

San Juan, Puerto Rico a 29 de mayo de 2012

Por los fundamentos expresados en la Opinión que antecede, los cuales se incorporan íntegramente a la presente, se revoca la sentencia dictada por el Tribunal de Apelaciones. En consecuencia, se desestima la acción contra la señora Jean Annette Dávila Medina y el menor H.J.B.D.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres disiente y hace constar que: "en lugar de desestimar la demanda devolvería el caso al Tribunal de Primera Instancia para que la parte recurrida tenga la oportunidad de traer al pleito al menor H.J.B.D. Sánchez v. Sánchez, 154 D.P.R. 645, 679, (2001)". El Juez Asociado señor Feliberti Cintrón disiente y se une a las expresiones del Juez Asociado señor Martínez Torres. La Jueza Asociada señora Pabón Charneco disiente sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo