<table>
<tr><td colspan="3">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III</td></tr>
<tr><td>CRISTAL IRIZARRY RIVERA por sí y en representación de la menor R.L.I.<br><br>**Apelante**<br><br>V.<br><br>S.Y.R.A. representado por su madre YESSENIA ANTONETTY CORA, C.R.R.I. & MENGANA DE TAL<br><br>**Apelado**</td><td>TA2026AP00108</td><td>*APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil. Núm. PO2025RF00346<br><br>Sobre: Acción de Filiación y Petición de Alimentos</td></tr>
</table>

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 12 de febrero de 2026.

El 1 de febrero de 2026, la Sra. Cristal Irizarry Rivera, por sí y en representación de la menor, R.L.I. (señora Irizarry o la apelante) compareció ante nos mediante un *Escrito de Apelación* y solicitó la revisión de una *Sentencia Final* que se emitió y notificó el 11 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI). Mediante el aludido dictamen, el TPI desestimó, sin perjuicio, la presente causa de acción por caducidad al amparo del Art. 126 del Código Civil de 1930, 31 LPRA sec. ant. 505.

Por los fundamentos que expondremos a continuación, *revocamos* el dictamen apelado.

I.

El 13 de abril de 2025, la señora Irizarry presentó una *Demanda* sobre acción de filiación y petición de alimentos contra S.Y.R.A., representado por su madre, la Sra. Yessenia Antonetty

Cora, el menor C.R.R.I. y Mengana de Tal (en conjunto, los demandados).[1] Alegó que mantuvo una relación de concubinato con el Sr. Reynaldo Ramos Peña (señor Ramos) y que, como producto de dicha relación, nació la menor R.L.I. el 10 de abril de 2017. Señaló que la menor no fue reconocida por su padre, toda vez que el señor Ramos falleció el 5 de agosto de 2016. Indicó que, a raíz de ello, la menor no ostentaba el apellido paterno, por lo que solicitó que se decretara la filiación conforme al Certificado de Nacimiento de la menor y al Certificado de Defunción del señor Ramos, los cuales fueron anejados a la *Demanda*. Asimismo, solicitó que, tras el trámite correspondiente, el caso fuera referido a la consideración de la Oficial Examinadora de Pensiones Alimentarias para la fijación de la pensión conforme a la Ley de Sustento de Menores. Finalmente, solicitó la designación de un defensor judicial para el menor C.R.R.I.

Posteriormente, el 15 de agosto de 2025, la apelante presentó una *Moción Solicitando Autorización para Emplazamiento por Edicto*.[2] Indicó que, el 24 de junio de 2025, se expidieron los emplazamientos para ser diligenciados a los demandados. Sin embargo, expresó que, no le fue posible efectuar el emplazamiento personal debido a que se desconocía su paradero y dirección actual. En vista de lo anterior, solicitó autorización para emplazar por edicto a los demandados, conforme a lo dispuesto en la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V., R. 4.6. Cabe precisar que, en apoyo a su solicitud, detalló las múltiples gestiones para localizar a los demandados, todas las cuales resultaron infructuosas.

Así las cosas, el 10 de septiembre de 2025, el TPI emitió una *Orden* que se notificó el 11 de septiembre de 2025, en la cual le concedió a la apelante un término de quince (15) días para acreditar

---

[1] *Véase*, Entrada Núm. 1, SUMAC TPI.
[2] *Véase*, Entrada Núm. 4, SUMAC TPI.

desde cuando llevaba residiendo fuera de Puerto Rico.[3] En cumplimiento con esta *Orden*, el 20 de septiembre de 2025, la señora Irizarry presentó una *Moción en Cumplimiento de Orden y Exposición de Jurisdicción*.[4] En esta informó que llevaba ocho (8) años residiendo fuera de Puerto Rico. No obstante, hizo constar que, su hija menor, R.L.I., nació en Puerto Rico y que dicha información se hacía constar en el Certificado de Nacimiento anejado a la *Demanda*. A tales efectos, solicitó que se reconociera que la jurisdicción para atender el presente caso les tocaba a los tribunales de Puerto Rico.

Luego, el 9 de octubre de 2025, el TPI emitió una *Orden* que se notificó el 10 de octubre de 2025 ordenándole a la señora Irizarry a mostrar causa por la cual no debía desestimar el caso por caducidad al amparo de lo establecido en los Arts. 561 y 562 del Código Civil de Puerto Rico de 2020, 31 LPRA secs. 7111 y 7112.[5] Así pues, el 10 de octubre de 2025, la apelante presentó una *Moción en Cumplimiento de Orden y Mostrando Causa por la cual no debe Desestimarse la Demanda por Caducidad*.[6] En síntesis, argumentó que los términos establecidos en el Art. 561 del Código Civil de 2020, *supra*, no debían aplicarse de forma mecánica cuando la parte reclamante era un menor de edad, ya que una interpretación restrictiva de la caducidad en estos casos resultaría contraria al orden público y al principio constitucional de protección al menor. Señaló que la acción de filiación ejercida en representación de un menor no estaba sujeta a caducidad mientras durara la minoridad, y que el término comenzaba a transcurrir únicamente cuando el hijo alcanzaba la mayoría de edad, extendiéndose hasta un (1) año a partir de ese momento. Añadió que la caducidad o prescripción en

---

[3] *Véase*, Entrada Núm. 5, SUMAC TPI.
[4] *Véase*, Entrada Núm. 7, SUMAC TPI.
[5] *Véase*, Entrada Núm. 8, SUMAC TPI.
[6] *Véase*, Entrada Núm. 9, SUMAC TPI.

materia filiatoria no podía operar en perjuicio de quien carecía de capacidad procesal plena o de representación legal adecuada, por lo que la desestimación de la causa de acción por caducidad resultaba improcedente.

Asimismo, el 23 de noviembre de 2025, la apelante presentó una *Urgente Solicitud de Determinación*, mediante la cual reiteró los planteamientos expuestos en la *Moción en Cumplimiento de Orden y Mostrando Causa* [...].[7] Particularmente, pidió que se declarara que la *Demanda* no había caducado, que se dispusiera la continuación del trámite del caso en sus méritos —en protección del interés superior de la menor cuya filiación se reclamaba— y que se autorizara el emplazamiento por edicto.

Sin haber atendido la solicitud de emplazamiento por edicto, el 11 de diciembre de 2025, el TPI dictó y notificó una *Sentencia Final*.[8] En primer lugar, puntualizó que, a la luz del Art. 1806 del Código Civil de 2020, 31 LPRA sec. 11711, se prohibía la aplicación retroactiva de disposiciones que perjudicaran los derechos adquiridos bajo legislación anterior. Ante ello, concluyó que, en el presente caso resultaban aplicables las disposiciones del derogado Código Civil de 1930, toda vez que tanto el fallecimiento del presunto padre —ocurrido el 5 de agosto de 2016— como el nacimiento de la menor —el 10 de abril de 2017— tuvieron lugar antes de la vigencia del Código Civil de 2020.

Tomando en consideración lo anterior, señaló que, según lo alegado, la menor fue concebida durante una relación de concubinato con el presunto padre y no fue reconocida por este debido a su fallecimiento antes del nacimiento. Indicó que, el Art. 126 del Código Civil de 1930, *supra*, disponía que la acción de reconocimiento de hijos naturales debía ejercitarse en vida del

---

[7] *Véase*, Entrada Núm. 10, SUMAC TPI.
[8] *Véase*, Entrada Núm. 11, SUMAC TPI.

progenitor o dentro del año siguiente a su muerte, salvo la excepción que permitía al hijo ejercerla dentro de los primeros cuatro (4) años luego de alcanzar la mayoría de edad si el progenitor falleció durante su minoridad. En vista de ello, sostuvo que, al comenzar la personalidad jurídica con el nacimiento bajo ese Código, el término de un año para reclamar contra los herederos comenzó a decursar el 10 de abril de 2017.

Así pues, concluyó que la *Demanda,* presentada el 13 de abril de 2025 —ocho (8) años después del nacimiento de la menor y casi nueve (9) años después del fallecimiento del presunto padre—, fue incoada fuera del término dispuesto por ley. Reiteró que la caducidad extinguía la causa de acción por el mero transcurso del tiempo y podía ser declarada en cualquier etapa del procedimiento. En consecuencia, desestimó la causa de acción sin perjuicio por caducidad.

Inconforme con este dictamen, el 21 de diciembre de 2025, la apelante presentó una *Moción de Reconsideración de Sentencia.*[9] Sostuvo que el Art. 126 del Código Civil de 1930, *supra,* aplicable a los hechos de autos, establecía como regla general que la acción de filiación debía ejercitarse en vida del presunto padre o dentro de un (1) año de su fallecimiento, pero reconocía una excepción expresa cuando el progenitor fallecía durante la minoridad del hijo, en cuyo caso este podía incoar la acción hasta cuatro (4) años después de alcanzar la mayoría de edad. Señaló que, conforme a la interpretación del Tribunal Supremo, este esquema distinguía claramente entre la regla general y el término especial protector, de modo que el plazo de un año no extinguía el derecho del menor cuando concurría dicha excepción.

---

[9] *Véase,* Entrada Núm. 12, SUMAC TPI.

Alegó que, aunque el TPI reconoció la existencia de esa excepción en su *Sentencia Final*, erró al concluir que la acción había caducado por no presentarse dentro del año posterior al nacimiento o fallecimiento, haciendo depender la caducidad de la omisión de la madre y no del término especial conferido a la menor. Afirmó que la menor aún no había alcanzado la mayoría de edad, por lo que el plazo especial de cuatro (4) años ni siquiera había comenzado a transcurrir y, por ende, la acción no podía considerarse caducada.

Además, planteó que existía una confusión entre la titularidad del derecho y la representación procesal, ya que la titular del derecho material era la menor, mientras su madre comparecía únicamente como representante procesal. Indicó que, la acción de filiación podía presentarse por conducto del representante legal cuando el hijo era menor de edad, y que la inacción de dicho representante no podía interpretarse como renuncia ni como extinción del derecho de la menor, especialmente cuando el propio Art. 126 del Código Civil de 1930, *supra*, preveía un término especial posterior a la mayoría de edad para proteger ese derecho. Concluyó que aplicar el término de un año como extintivo en estos casos dejaba sin efecto la excepción protectora del precepto y desconocía su estructura dual.

Atendida la solicitud de reconsideración, el 8 de enero de 2026, el TPI dictó y notificó una *Resolución Interlocutoria* declarándola No Ha Lugar.[10] Aún en desacuerdo, el 1 de febrero de 2026, la señora Irizarry presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el Tribunal al denegar la Moción de Reconsideración mediante Resolución 'No ha lugar', perpetuando un error de derecho sustantivo y privando a la menor de su derecho a la identidad, a la tutela judicial efectiva y a que su causa se ventile en los méritos.**

---

[10] *Véase*, Entrada Núm. 13, SUMAC TPI.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025). Ello, debido a que el TPI no le brindó a la parte apelante la oportunidad de emplazar a los demandados antes de dictar *Sentencia Final*.

II.

**-A-**

En nuestro ordenamiento, se define la filiación como la "condición a la cual una persona atribuye el hecho de tener a otras u otros por progenitores suyos; es un hecho biológico consistente en la procreación de una persona por otras, una inicial realidad biológica recogida y regulada por el ordenamiento jurídico con el fin de distribuir derechos y obligaciones". *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 862 (2015). Su importancia se debe a que no se limita a establecer vínculos a los fines de identificar relaciones entre partes de la sociedad, sino que se dirige a "imponer derechos y obligaciones concretas de consecuencias permanentes". Íd. Como lo refleja dicha definición, el fin principal de la figura de la filiación es "procurar reflejar el vínculo biológico que origina el hecho de la procreación". *Vázquez Vélez v. Caro Moreno*, 182 DPR 803, 809 (2011).

La materia relativa a la filiación y la paternidad se encuentra regulada en los Arts. 125 al 129 del Código Civil de 1930, 31 LPRA secs. 504-508.[11] En particular, el Art. 126 del Código Civil de 1930,

---

[11] El Art. 1806 del Código Civil de 2020, 31 LPRA sec. 11711, dispone que las normas de dicho Código no pueden aplicarse retroactivamente cuando ello afecte derechos adquiridos bajo la legislación civil anterior. En consecuencia, dado que tanto el fallecimiento del presunto padre como el nacimiento de la menor ocurrieron antes de la entrada en vigor de la Ley Núm. 55-2020, el 28 de noviembre de 2020, corresponde aplicar las disposiciones del Código Civil de 1930 al presente caso.

*supra*, dispone que las acciones para el reconocimiento de hijos naturales sólo pueden ejercitarse en vida de los presuntos padres o dentro de un (1) año desde su fallecimiento, salvo en determinadas circunstancias expresamente contempladas. Entre las excepciones reconocidas por dicho precepto se establece que, si el padre o la madre fallece durante la menor edad del hijo, este podía presentar la acción **antes de que transcurran los primeros cuatro años de su mayoría de edad**. Íd.

Aunque los términos establecidos en el Art. 126 del Código Civil de 1930, *supra*, para obtener el reconocimiento o la filiación son más amplios que los previstos en el Artículo 117 del mismo cuerpo legal para que el marido impugne su paternidad legítima, dichos términos también son de caducidad. *Calo Morales v. Cartagena Calo*, 129 DPR 102, 121 (1991). Por ello, se ha señalado que en Puerto Rico pueden existir hijos sin padres cuando se dejan transcurrir estos plazos y se pierde el derecho de filiación. Íd. En ese contexto, se ha expresado que la premisa subyacente del Art. 126 del Código Civil de 1930, *supra*, es que los hijos deben tramitar diligentemente sus acciones de reconocimiento o filiación para asegurar la certeza y estabilidad de su estado filiatorio. Íd.

La caducidad se define como la extinción o pérdida de un derecho por no haberse cumplido, dentro de un término específico, la formalidad o condición exigida por ley. *Arzuaga v. Empresas Brunet et al.*, 211 DPR 803, 818 (2023). Nuestro Tribunal Supremo ha señalado que la caducidad extingue siempre el derecho a la causa de acción por el mero transcurso del tiempo, con el objetivo de dejar previamente delimitado el período durante el cual puede ejercerse el derecho. *Martínez Soria v. Proc. Esp. Rel. Fam.*, 151 DPR 41, 57 (2000). Asimismo, ha indicado que los términos de caducidad buscan impedir la prolongación de la incertidumbre en una relación jurídica determinada. *González Rosado v. Echevarría Muñiz*, 169

DPR 554, 567 (2006). A diferencia de los términos prescriptivos, el término de caducidad no admite interrupción ni suspensión, por lo que produce la extinción del derecho a la causa de acción exclusivamente por el transcurso del plazo correspondiente. *Muñoz v. Ten. General*, 167 DPR 297, 302 (2006).

**-B-**

En *Torres, Ex Parte*, 118 DPR 469, 473 (1987), el Tribunal Supremo definió la patria potestad como "el conjunto de derechos y deberes que corresponde a los padres sobre la persona y el patrimonio de cada uno de sus hijos no emancipados como medio de realizar la función natural que les incumbe de proteger y educar a la prole". Por su parte, el Art. 152 del Código Civil de 1930, 31 LPRA sec. ant. 591, dispone que la patria potestad sobre los hijos no emancipados corresponde a ambos padres conjuntamente, pudiendo ejercerla por sí solo en casos de emergencia el que en ese instante tenga bajo su custodia al menor.

Asimismo, el Tribunal Supremo definió la custodia como "la tenencia o control físico que tiene un progenitor sobre sus hijos". *Torres, Ex Parte*, supra, pág. 477. A su vez, que la custodia era un componente esencial de la patria potestad, obligación primaria que le imponía a los padres el deber de tener a sus hijos no emancipados en su compañía. Íd., pág. 476.

III.

En su único señalamiento de error, la apelante argumentó que el TPI incidió al denegar la solicitud de reconsideración, alegando que con ello perpetuó un error de derecho sustantivo y privó a la menor de su derecho a la identidad, a la tutela judicial efectiva y a que su causa se atendiera en sus méritos. A la luz del marco jurídico aplicable, le asiste la razón. *Veamos.*

En nuestro ordenamiento, la filiación constituye la condición jurídica que atribuye a una persona determinados progenitores, a

partir del hecho biológico de la procreación, con el propósito de adjudicar derechos y obligaciones de carácter permanente. *Sánchez Rivera v. Malavé Rivera*, supra, pág. 862. Su relevancia trasciende la mera identificación de vínculos familiares, pues está dirigida a imponer consecuencias jurídicas permanentes. Íd. En ese sentido, la figura procura reflejar el vínculo biológico que origina la procreación. *Vázquez Vélez v. Caro Moreno*, supra, pág. 809.

En armonía con los antes mencionado, el Art. 126 del Código Civil de 1930, *supra*, dispone que las acciones para el reconocimiento de hijos naturales sólo pueden ejercitarse en vida de los presuntos padres o dentro de un (1) año desde su fallecimiento, salvo circunstancias expresamente exceptuadas. Entre dichas excepciones, el precepto establece que, si el padre o la madre fallece durante la menor edad del hijo, **este puede presentar la acción <u>antes</u> de que transcurran los primeros cuatro (4) años de su mayoría de edad.** Íd. El efecto práctico de esta excepción es que, aunque haya transcurrido el término de un año y el representante legal ya no pueda presentar la acción al amparo de la regla general, la menor conserva un término propio y especial para ejercerla personalmente hasta cuatro años después de alcanzar la mayoría de edad, esto es, hasta los veinticinco (25) años.

Si bien la jurisprudencia ha reconocido que los términos del Art. 126 del Código Civil de 1930, *supra*, son de caducidad, y que la caducidad extingue la causa de acción por el mero transcurso del tiempo, con el propósito de fijar de antemano el período para ejercer el derecho y evitar la incertidumbre jurídica, el propio estatuto crea un esquema dual de términos: uno general y otro especial a favor del menor cuando el progenitor fallece durante su minoridad.

En el presente caso, aunque el término de un (1) año desde el fallecimiento del presunto padre ya había transcurrido, ello no implicaba la caducidad total de la acción de filiación, pues la menor

aún no ha alcanzado la mayoría de edad y, por ende, el término especial de cuatro (4) años reconocido expresamente por el Art. 126 del Código Civil de 1930, *supra,* no ha comenzado a decursar. La madre, a saber, la señora Irizarry, compareció en la *Demanda* en representación de la menor, R.L.I., en virtud de la patria potestad, lo cual le faculta para promover la acción a nombre de esta.[12] En consecuencia, al desestimar la causa por caducidad sin reconocer el alcance de la excepción estatutaria y el término especial reservado al menor, el TPI aplicó incorrectamente el Art. 126 del Código Civil, *supra.*

En vista de lo anterior, concluimos que el TPI erró al desestimar la *Demanda* por caducidad y al declarar No Ha Lugar la Moción de Reconsideración, pues aplicó de forma incompleta el esquema del Art. 126 del Código Civil de 1930, *supra,* y no dio efecto a la excepción que preserva el término especial a favor del menor cuando el progenitor fallece durante su minoridad. Dado que ese término especial aún no ha comenzado a transcurrir, la causa de acción no puede considerarse caducada.

En consecuencia, procede revocar la *Sentencia Final* recurrida y la *Resolución Interlocutoria* que denegó la reconsideración, y devolver el caso al TPI para la continuación de los procedimientos conforme a lo aquí resuelto. Sin embargo, aclaramos que esta determinación no constituye un prejuzgamiento sobre la procedencia de la filiación reclamada. Finalmente, se ordena al TPI atender la solicitud de emplazamiento por edicto de los demandados presentada por la apelante y proseguir con la tramitación del caso en sus méritos.

---

[12] La Regla 15.2. de Procedimiento Civil, 32 LPRA Ap. V, R. 15.2, dispone, en lo pertinente, que un menor deberá comparecer por medio de su padre o madre con patria potestad o, en su defecto, por medio de su tutor general.

IV.

Por los fundamentos antes expuestos, ***revocamos*** el dictamen apelado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones